UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20- 21886-Civ-COOKE/GOODMAN

JESSICA CAPLIN,

    Plaintiff,

vs.

EVERGLADES COLLEGE INC.
d/b/a KEISER UNIVERSITY
COLLEGE OF CHIROPRACTIC
MEDICINE,

    Defendant.
_____/

## ORDER COMPELLING ARBITRATION AND STAYING CASE

THIS MATTER is before me on Defendant's Motion to Compel Arbitration and Dismiss Complaint (ECF No. 5). For the reasons discussed below, Defendant's Motion is **GRANTED** in part and **DENIED** in part.

### I.  BACKGROUND

In April 2016, Plaintiff Jessica Caplin ("Caplin") was accepted into the chiropractic program at Defendant Keiser University's College of Chiropractic Medicine ("Keiser University"). *Compl.* ECF No. 1 at ¶ 17. Prior to her admission at Keiser University, Caplin had been diagnosed with dyslexia and other learning disabilities, which Keiser University was aware of before her admission. *Id.* at ¶¶ 16, 17. After her enrollment, Caplin requested and was granted accommodations to pursue her studies. *Id.* at ¶ 18. However, approximately two years later, Caplin requested additional accommodations, which were all denied. After numerous attempts at redress, on May 5, 2020, Caplin brought the instant action against Keiser University, alleging violations under Section 504 of the Rehabilitation Act of 1973 and Title II of the Americans with Disabilities Act. *See id.*

On April 22, 2016, Caplin signed an agreement titled Enrollment Policies and Procedures, which included an arbitration provision. In relevant part, the arbitration provision states as follows:

1

> It is agreed that, in the event the parties to this agreement are unable to amicably resolve any dispute, claim and/or controversy arising out of or relating to this agreement, or if a claim is made by either against the other or any agent or affiliate of the other, the dispute, claim and/or controversy shall be resolved by arbitration administered by the American Arbitration Association under its Commercial Arbitration Rules.

ECF No. 5-1 at 2.  Defendant now moves this Court to enforce the above agreement and compel the parties to binding arbitration.  *See* Def.'s Mot., ECF No. 5.

## II.  LEGAL STANDARDS

Pursuant to the Federal Arbitration Act, written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  "[C]ourts must rigorously enforce arbitration agreements according to their terms."  *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329-30 (11th Cir. 2014).  Therefore, a court will enforce an arbitration agreement where the movant shows that a written agreement to arbitrate the claims in question exists, and that there are no external legal constraints that foreclose the parties' agreement to arbitrate.  *See Klay v. Pacificare Health Sys., Inc.*, 389 F.3d 1191, 1200 (11th Cir. 2004).

## III. DISCUSSION

Caplin does not dispute that a written agreement to arbitrate exists, nor does she dispute that she signed the agreement.  Rather, Caplin contends that the arbitration agreement does not cover the claims asserted here.  Specifically, Caplin argues that she "could not have foreseen the extensive discrimination and retaliatory behavior she would receive while enrolled at Keiser nor did she assent to such treatment under the Agreement, and thus could not have intended to voluntarily waive litigation of her federal statutory rights under the ADA and Rehabilitation Act."  ECF No. 10 at 5.

As noted above, the arbitration agreement here includes a provision that requires arbitration on any claims "against the other or any agent or affiliate of the other."  ECF No. 5-1 at 2.  The inclusion of this language indicates conclusively that "the parties agreed to arbitrate any and all claims against each other, with no exceptions."  *Brown v. ITT Consumer Fin. Corp.*, 211 F.3d 1217, 1221 (11th Cir. 2020).  Thus, Caplin's claims under the ADA and the Rehabilitation Act are subject to arbitration under the Parties' agreement.  *See Cheshire v.*

2

*Fitness & Sports Clubs, LLC*, 382 F. Supp. 3d 1329, 1331 (S.D. Fla. 2019) (compelling parties to arbitrate Plaintiff's ADA claims). Relatedly, the Eleventh Circuit has opined that "statutory claims…can be subject to mandatory arbitration," and that "an arbitration agreement [need not] specifically list every federal or state statute it purports to cover." *Id.* 1221-22. The Court therefore finds that a written agreement to arbitrate exists, and that the arbitration agreement covers the claims at issue here. Moreover, Plaintiff has not established that there are external legal constraints that ought to preclude arbitration.

Although the Defendant has asked the Court to dismiss Plaintiff's claims, Plaintiff has requested that the matter be stayed if the Court grants Defendant's Motion to compel. Pursuant to the Federal Arbitration Act, when a court concludes an issue is "referable to arbitration under an agreement in writing" the court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Because Plaintiff has requested a stay, the Court will stay the matter while the parties arbitrate. Accordingly, Defendant's Motion (ECF No. 5) is **GRANTED in part** and **DENIED in part**.

## IV. CONCLUSION

It is **ORDERED and ADJUDGED** that Defendant's Motion to Compel Arbitration and Dismiss Complaint (ECF No. 5) is **GRANTED** *in part* **and DENIED** *in part*. The parties are **ORDERED** to binding arbitration in accordance with the terms set forth in the arbitration agreement. This case is **STAYED** pending the resolution of the arbitration. The Clerk shall *administratively* **CLOSE** this matter. All pending motions, if any, are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers, in Miami, Florida, this 30th day of October 2020.

*[signature: Marcia G. Cooke]*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*